IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| QUADRAY HOBBS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 323-050 |
| | ) |
| WHEELER CORRECTIONAL FACILITY | ) |
| and CORE CIVICS OF AMERICA, | ) |
| | ) |
| Defendants. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate at Telfair State Prison ("TSP") in Helena, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983 concerning events alleged to have taken place at Wheeler Correctional Facility ("Wheeler") in McRae-Helena, Georgia. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 6), and this action be **DISMISSED** without prejudice.

**I.   BACKGROUND**

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or

> appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); see also Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1726 (U.S. 2020) ("The point of the PLRA, as its terms show, was to cabin not only abusive but also simply meritless prisoner suits."). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Rivera, 144 F.3d at 721-27.

## II. DISCUSSION

### A. Dismissal Is Warranted Because Plaintiff Has Three Strikes Under § 1915(g)

A review of Plaintiff's history of filings reveals he has brought at least three cases that were dismissed and count as strikes: (1) Hobbs v. CO II Williams, et. al., Civ. Act. No. 522-434 (M.D. Ga. June 2, 2023) (dismissed for impermissible shotgun pleading and failure to comply with court's order); (2) Hobbs v. Dooly State Prison, Civ. Act. No. 522-392 (M.D. Ga. Jan. 18, 2023) (dismissed for failure to state claim); and (3) Hobbs v. Mercer, Civ. Act. No. 210-057 (S.D. Ga. June 11, 2010) (dismissed for failure to state a claim). Plaintiff also recently had two cases dismissed as malicious because he abused the judicial process by providing dishonest information about his prior filing history.[1] See Hobbs v. Wheeler Correctional

---

[1] The Eleventh Circuit has approved imposing a strike under § 1915(g) for a dismissal based on

Facility, et al., Civ. Act. No. 322-140 (S.D. Ga. Mar. 31, 2023); Hobbs v. Wheeler Correctional Facility, Civ. Act. No. 323-001 (S.D. Ga. Mar. 31, 2023). Because Plaintiff has at least three strikes, he cannot proceed IFP unless he can demonstrate he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g). See Mitchell v. Nobles, 873 F.3d 869, 873 (11th Cir. 2017).

### B. Plaintiff Does Not Qualify for the Imminent Danger Exception

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). General or conclusory allegations are "insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Sutton v. Dist. Attorney's Office, 334 F. App'x 278, 279 (11th Cir. 2009) (*per curiam*) (citing Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004)).

Plaintiff generally complains about verbal harassment, write-ups, denied grievances, limited access to the law library, rooming complaints, a lost book in the mail, and dissatisfaction with the inmates, staff, and living conditions while housed at Wheeler. (See generally doc. no. 1.) Moreover, Plaintiff is no longer located at Wheeler because he was transferred to TSP in December 2022. (Id. at 7.) None of the issues complained of are related to an imminent danger of serious physical injury.

---

providing dishonest information about prior filing history. Ingram v. Warden, 735 F. App'x 706, 707 (11th Cir. 2018) (*per curiam*).

3

To the extent Plaintiff alleges he needs to be seen by additional doctors because his foot and leg were swollen in August 2022, and because he was having trouble eating in November 2022, he provides no details about any underlying medical condition(s) or diagnoses, let alone provides any information about any other type of medical treatment he has received. (Doc. no. 1, p. 9.) At best, Plaintiff describes these two medical issues, admits he was seen by medical at Wheeler, was later transferred to TSP, and wishes to see additional doctors. (Id.) Thus, although Plaintiff may prefer more advanced treatment, the record does not support a conclusion he has been denied all manner of medical treatment. Rather, he complains that he has been deprived of a certain type of treatment and/or doctors that he believes he needs. Thus, by his own admission, Plaintiff has not been denied care. Cf. Brown, 387 F.3d at 1350 (recognizing exception satisfied where "total withdrawal of treatment for serious diseases, as a result of which [the plaintiff] suffers from severe ongoing complications," makes the plaintiff more susceptible to various illnesses and rapid health deterioration).

In sum, Plaintiff's general and conclusory allegations about his treatment and living conditions at Wheeler do not satisfy the imminent danger exception. See Odum v. Bryan Cnty. Judicial Circuit, No. CV 4:07-181, 2008 WL 766661, at *1 (S.D. Ga. Mar. 20, 2008) (requiring specific allegations grounded in specific facts indicating injury is imminent). Thus, Plaintiff fails to demonstrate he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

**C.    The Complaint Should Also Be Dismissed Because Plaintiff Failed to Truthfully Disclose His Prior Filing History**

The form on which Plaintiff submitted his claims requires that prisoner plaintiffs disclose whether they have filed other lawsuits in federal court while incarcerated in any

institution. (Doc. no. 1, pp. 2-4.) Moreover, the prisoner plaintiff who has brought any such lawsuits is specifically instructed to describe each lawsuit, including the disposition of the case(s). (Id. at 2.) If there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper. (Id. at 2-4.) One portion of the form also requires disclosure of any cases that were dismissed on the ground that it was frivolous, malicious, or failed to state a claim. (Id. at 2.)

Here, under penalty of perjury, Plaintiff only identified eight of his previous lawsuits and did not disclose whether they were dismissed for being frivolous, malicious, or failing to state a claim, let alone that he has incurred three strikes. (Id. at 2-4.) For some of the cases, Plaintiff merely states, "case was dismissed without prejudice" and "don't know the outcome of the case." (Id.) Moreover, the Court is aware Plaintiff previously had three other pending cases in federal court: Hobbs v. Dooly State Prison, Civ. Act. No. 522- 392 (M.D. Ga. Jan. 18, 2023); Hobbs v. Dooly State Prison, et al., Civ. Act. No. 522-227 (M.D. Ga. June 27, 2023); and Hobbs v. Telfair State Prison, Civ. Act. No. 123-2939 (N.D. Ga. June 30, 2023). Plaintiff commenced these three cases before filing his complaint in the instant case, meaning he had every chance to fully disclose his prior filings history along with the eight cases he listed.

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

5

Rivera, 144 F.3d at 731; see also Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (*per curiam*) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation); Redmon v. Lake Cnty. Sheriff's Office, 414 F. App'x 221, 223, 226 (11th Cir. 2011) (*per curiam*) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit); Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2010) (*per curiam*) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form); Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538368 (N.D. Fla. Mar. 21, 2012) (dismissing case alleging deliberate indifference to serious medical needs where plaintiff failed to disclose new case commenced in interim between filing original complaint and second amended complaint), *adopted by* Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538336 (N.D. Fla. May 2, 2012).  Moreover, the practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia.  See, e.g., Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006).

Under penalty of perjury, and as described in detail above, Plaintiff failed to truthfully disclose his prior filing history and provided blatantly dishonest answers to the questions on the complaint form.  Moreover, Plaintiff states the events alleged in his complaint began in July 2022, (doc. no. 1, p. 5), thus, he still has the opportunity to timely re-file his claims.

Therefore, even if Plaintiff were permitted to proceed IFP, the case should be dismissed without prejudice as a sanction for the dishonesty.

### III.   CONCLUSION

In sum, Plaintiff has accumulated at least three strikes against him and cannot satisfy the dictates of the "imminent danger" exception of § 1915(g).  Thus, he fails to demonstrate that he should be excused from paying the full filing fee.  Furthermore, even if Plaintiff were allowed to proceed IFP, the case should be dismissed because he has abused the judicial process by providing dishonest information about his filing history.

Therefore, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED** (doc. no. 6), and this action be **DISMISSED** without prejudice.  If Plaintiff wishes to proceed with the claims raised in this case, he should be required to initiate a new lawsuit, which would require submission of a new complaint.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 26th day of July, 2023, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA